# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MAGAN MCLEAN,
          Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
DC-315H-16-0900-I-1

DATE: April 21, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Magan McLean</u>, Asheville, North Carolina, pro se.

<u>Monique Smart</u>, Winston-Salem, North Carolina, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, except as expressly MODIFIED to clarify that the appellant held an excepted-service position at the time of her termination and to apply the statutory provisions applicable to individuals in the excepted service in finding that the Board lacks jurisdiction over this appeal.

## BACKGROUND

¶2      The record reflects that, effective October 4, 2015, the agency appointed the appellant, a preference eligible, to an excepted-service position as a GS-6 Advanced Medical Support Assistant under the authority of 38 U.S.C. § 7401(3). Initial Appeal File (IAF), Tab 7 at 19-20. The Standard Form 50 (SF-50) documenting her appointment indicated that she was appointed to a competitive-service position and that her appointment was subject to completion of a 1-year trial period. *Id.* at 20. The agency subsequently issued a corrected SF-50 reflecting that the position was in the excepted service. *Id.* at 19.

¶3      Prior to the end of her 1-year trial period, the agency informed the appellant that she would be terminated from her excepted-service position effective September 16, 2016, due to her inability to meet performance expectations. *Id.* at 14. The SF-50 documenting her termination indicates that she was terminated from a competitive-service position pursuant to 5 C.F.R. § 315.804, which

pertains to the termination of probationers in the competitive service for inadequate performance or conduct. *Id.* at 13. She appealed her termination to the Board. IAF, Tab 2.

¶4    In an order on jurisdiction, the administrative judge notified the appellant of the applicable law and her burden of proof to establish the Board's jurisdiction over her appeal as a probationary employee in the competitive service. IAF, Tab 5. The appellant did not respond to the order on jurisdiction. Without holding the requested hearing, the administrative judge issued an initial decision finding that it was undisputed that the appellant had less than 1 year of service at the time of her termination and, therefore, did not meet the statutory definition of an "employee" with adverse action appeal rights under 5 U.S.C. § 7511(a)(1)(A). IAF, Tab 11, Initial Decision (ID) at 3. The administrative judge further found that the appellant did not have a regulatory right of appeal under 5 C.F.R. § 315.806(b) because she had not alleged that her termination was based on partisan political or marital status discrimination. ID at 3-4. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 4.

¶5    The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.[2]

[2] On May 4, 2017, the Board issued a show cause order informing the parties that the record contained conflicting information about whether the appellant held a competitive- or excepted-service position and ordering the agency to clarify the nature of the appellant's appointment. PFR File, Tab 4 at 1-2, 4. The Board's order also notified the appellant that her position appeared to be in the excepted service, set forth the applicable law and burden of proof to establish Board jurisdiction over her termination as an excepted-service appointee, and afforded her an opportunity to respond. *Id.* at 3-4. Neither party responded to the show cause order. Approximately 4 months past the filing deadline and without any explanation for the delay, however, the agency submitted a response to the order indicating that the appellant was an excepted-service appointee. PFR File, Tab 5. We have reviewed the untimely response and find that it does not change the outcome of this appeal.

## ANALYSIS

We modify the initial decision to clarify that the appellant held an excepted-service appointment.

¶6      As noted above, the SF-50 documenting the appellant's appointment and the termination letter reflect that she held an excepted-service position, and the SF-50 documenting her termination reflects that she held a competitive-service position.  IAF, Tab 7 at 13, 19.  While an SF-50 is relevant evidence regarding an employee's status, it is not dispositive.  *See Scott v. Department of the Air Force*, [113 M.S.P.R. 434](), ¶ 8 (2010) (finding that an SF-50 is not a legally operative document that controls an employee's status and rights but is merely the customary documentation for a Federal personnel action).  Here, we find that the appellant, who was appointed to an Advanced Medical Support Assistant position under the authority of [38 U.S.C. § 7401](3), held an excepted-service position because appointments in the Veterans Health Administration under [38 U.S.C. § 7401]() are in the excepted service.  *See Graves v. Department of Veterans Affairs*, [114 M.S.P.R. 245](), ¶ 11 (2010); *see also Barrand v. Department of Veterans Affairs*, [112 M.S.P.R. 210](), ¶ 9 (2009) (explaining that individuals appointed under [38 U.S.C. § 7401](3) are not excluded from filing appeals under chapter 75 of title 5); PFR File, Tab 5 at 4.  Therefore, we modify the initial decision to clarify that the appellant was terminated from an excepted-service position.

The administrative judge correctly determined that the Board lacks jurisdiction over the appellant's termination appeal, but we modify the initial decision to clarify the basis for this finding.

¶7      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, [759 F.2d 9](), 10 (Fed. Cir. 1985).  Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at [5 U.S.C. § 7511]()(a)(1) generally has the right to challenge her removal from Federal service

by filing an appeal with the Board. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011).

¶8    In the instant matter, the administrative judge found that the appellant did not meet the definition of an "employee" with appeal rights under 5 U.S.C. § 7511(a)(1)(A), which pertains to individuals in the competitive service.  ID at 3.   As discussed above, however, the appellant was serving in an excepted-service position, rather than a competitive-service position, at the time of her termination.   In addition, the record reflects that the appellant is a preference eligible.  IAF, Tab 7 at 13, 20.   Therefore, the applicable statutory provision is  5 U.S.C.  § 7511(a)(1)(B),  and  we  modify  the  initial  decision consistent with the following analysis.

¶9    To be considered an "employee" for the purposes of Board jurisdiction, a preference-eligible individual in the excepted service must have completed 1 year of current continuous service in the same or similar positions.[3]  5 U.S.C. § 7511(a)(1)(B); *see Maibaum*, 116 M.S.P.R. 234, ¶ 9.   Here, the agency appointed the appellant to her excepted-service position on October 4, 2015, and terminated her appointment before the completion of her first year of service, effective September 16, 2016.  IAF, Tab 7 at 13, 19.   The appellant has not alleged that she had more than 1 year of service in her position or that there was

---

[3] An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).  As noted above, the administrative judge notified the appellant of the requirements for proving jurisdiction over an appeal by an individual in the competitive service under 5 U.S.C. § 7511(a)(1)(A).  IAF, Tab 5.  However, because the appellant was appointed to an excepted-service position and was a preference eligible, the Board's jurisdiction over her appeal is governed by 5 U.S.C. § 7511(a)(1)(B).  Although the administrative judge did not provide the appellant with the correct jurisdictional notice, the Board provided the correct information in a show cause order on review and afforded the appellant an opportunity to respond.  PFR File, Tab 4.  Therefore, the appellant was not prejudiced by this error.  See *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

any other service that could be counted towards completion of 1 year of current continuous service in a similar position.  IAF, Tabs 2, 9; PFR File, Tab 1. Therefore, we find that the appellant is not an "employee" with a statutory right to appeal her termination to the Board under 5 U.S.C. § 7511(a)(1)(B).

¶10        As noted above, the administrative judge further found that the appellant did not have a regulatory right of appeal under 5 C.F.R. § 315.806 because she had not alleged that her termination was based on partisan political reasons or marital status discrimination.  ID at 4.  The Board has found, however, that an individual appointed in the excepted service has no regulatory right to appeal under 5 C.F.R. § 315.806 because it applies only to individuals in the competitive service.  *Barrand*, 112 M.S.P.R. 210, ¶ 13.  Accordingly, we modify the initial decision to find that 5 C.F.R. § 315.806(b) does not apply to the appellant and that she cannot establish jurisdiction by proving that her termination was based on partisan political reasons or marital status.

¶11        On review, the appellant argues that the agency failed to give her advanced notice of the separation pursuant to 5 C.F.R. § 315.805 and failed to follow the requirements of the collective bargaining agreement in implementing her termination.  PFR File, Tab 1 at 3-6.  These arguments, however, provide no basis to find Board jurisdiction over this appeal.  Like 5 C.F.R. § 315.806, section 315.805 applies only to individuals in the competitive service.  *See Barrand*, 112 M.S.P.R. 210, ¶ 13.  In addition, the appellant's Board appeal rights are determined by the nature of her appointment—not by contract.  *Id.*, ¶ 11. Therefore, alleged violations of the collective bargaining agreement are irrelevant to the jurisdictional issue.  *See id.*

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:              /s/ for
                           _____
                           Jennifer Everling
                           Acting Clerk of the Board
Washington, D.C.